1  Michael C. Shaw, # 014044
   Michael C. Shaw, P.L.L.C.
2  401 West Baseline Road
   Suite 210
3  Tempe, Arizona 85283
   Telephone: (480) 921-7545
4  E-mail: mcareyshaw@yahoo.com

5  Attorney for Plaintiff

6

7  ## UNITED STATES DISTRICT COURT

8  ## DISTRICT OF ARIZONA

9  _____
                                      )
10  **Blake Z. French,** an individual,      )          No.
                                      )
11       Plaintiff,                   )
                                      )          **COMPLAINT**
12  v.                                )
                                      )
13  **Litton Loan Servicing LP**, a       )          (Jury Trial Demanded)
    Texas corporation; **Experian**      )
14  **Information Solutions,**           )
    **Inc.,** an Ohio corporation;      )
15  **Trans Union, L.L.C.,** a Delaware  )
    limited liability company; and   )
16  **Equifax Information Services**     )
    **LLC,** a Georgia limited liability )
17  company,                         )
                                      )
18       Defendants.                  )
                                      )
19  _____ )

20       Upon information and belief, and in good faith, Plaintiff, Blake Z. French, alleges

21  as follows:

22  ### Preliminary Statement

23  1. Plaintiff brings this action for damages based upon Defendants' violations of the Fair

24  Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq*. Plaintiff seeks an award of

25  statutory damages, actual damages, punitive damages, costs and attorney's fees.

26

**Jurisdiction**

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendants perpetrated therein.

**Parties**

3. Plaintiff, Blake Z. French, is a resident and citizen of the State of Arizona. Plaintiff is a "consumer" as defined by FCRA § 1681a(c) of the FCRA.

4. Defendant Litton Loan Servicing LP, (hereinafter "Litton") is a Texas corporation registered to do business in Arizona, with its principal place of business located at 4828 Loop Central Drive, Suite 600, Houston, Texas, 77081.

5. Litton is both a "person" and a "furnisher" of information as contemplated by FCRA § 1681s-2(a) & (b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

6. Defendant Experian Information Solutions, Inc. (hereinafter "Experian") is an Ohio corporation registered to do business in Arizona, with its principal place of business located at 505 City Parkway West, Orange, California 92686.

7. Experian is both a "person" and a "consumer reporting agency" as those terms are defined and contemplated under the FCRA.

8. Defendant Trans Union, LLC (hereinafter "T.U.") is a Delaware corporation registered to do business in Arizona, with its principal place of business located at 555 W. Adams, Chicago, IL.60661.

9. T.U. is a both a "person" and a "consumer reporting agency" as those terms are defined and contemplated under the FCRA.

10. Defendant Equifax Information Services, LLC (hereinafter "Equifax") is a Georgia

corporation registered to do business in Arizona, with its principal place of business located at 1550 Peachtree St. NW, Atlanta, GA. 30309.

11.  Equifax is both a "person" and a "consumer reporting agency" as those terms are defined and contemplated under the FCRA.

### Factual Allegations

12.  During February and March, 2006, Plaintiff noted that all three of his credit bureau profiles ( Equifax, Experian and T.U.) were reporting him as delinquent in an outstanding loan due and owing to Litton.

13.  Plaintiff contacted Litton, and explained that he could not be delinquent, as all payments were timely made and accepted by Litton.

14.  Plaintiff was afforded no assistance by Litton, despite his numerous requests to correct its erroneous payment status.

15.  Plaintiff then disputed, in writing, the inaccuracy with the three credit bureaus (Equifax, Experian, and T.U.).

16.  On March 17, 2006, Experian notified Plaintiff that it had conducted its reasonable investigation on the account (account #1459...) and found that Plaintiff was in fact delinquent for February and March, 2006.

17.  On March 17, 2006, Equifax notified Plaintiff that it had conducted its reasonable investigation on the account (account #1459*) and that "this creditor (Litton), has verified to Equifax that the current status is being reported correctly.  This creditor has verified to Equifax that the prior paying history is being reported correctly".  At that point, Equifax was reporting Plaintiff 30-59 days past due.

18.  On or about April 7, 2006, T.U. notified Plaintiff that it had conducted its reasonable investigation and that the  account (account #14594xxx) was "verified, no change" by Litton, and continued to list the account as an "Adverse Account", 30 days past due.

19.  In response to Plaintiff's dispute(s), upon information and belief, Experian, Equifax, and T.U. merely parroted that which was told to them by Litton, and verified that the account was correctly being reported as delinquent.

20.  As a direct result and proximate cause of Experian's continued reporting of erroneous and adverse information on Plaintiff's credit bureau, Plaintiff has suffered and continues to suffer damages including, but not limited to, humiliation, embarrassment, and loss of opportunity.

21.  As a direct result and proximate cause of Equifax's continued reporting of erroneous and adverse information on Plaintiff's credit bureau, Plaintiff has suffered and continues to suffer damages including, but not limited to, humiliation, embarrassment, and loss of opportunity.

22.  As a direct result and proximate cause of T.U.'s continued reporting of erroneous and adverse information on Plaintiff's credit bureau, Plaintiff has suffered and continues to suffer damages including, but not limited to, humiliation, embarrassment, and loss of opportunity.

**Causes of Action**

**Fair Credit Reporting Act**

23.  Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

24.  Litton failed to conduct a reasonable investigation of Plaintiff's disputes, and otherwise failed to comport with FCRA § 1681s-2(b).

25.  As a result of Litton's actions, Plaintiff has been damaged.

26.  Pursuant to FCRA § 1681$o$, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the

consumer as a result of the failure and (2) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681o, the costs of the action together with reasonable attorneys' fees.

27.  As a result of Litton's negligent failure to comply with the FCRA, it is liable to Plaintiff in an amount equal to the sum of (1) any actual damages sustained by Plaintiff as a result of said failure and (2) the costs of this action together with reasonable attorneys' fees.

28.  Pursuant to 15 U.S.C. § 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure or damages or not less than $100.00 and not more than $1,000.00; (2) such amount of punitive damages as the Court may allow; and (3) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681n, the costs of the action together with reasonable attorneys' fees.

29.  As a result of Litton's willful failure to comply with the FCRA, it is liable to Plaintiff in an amount equal to the sum of (1) any actual damages sustained by Plaintiff as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 for each such violation; (2) such amount of punitive damages as the Court may allow; and (3) the costs of this action together with reasonable attorneys' fees.

30.  Experian failed to conduct a reasonable investigation of Plaintiff's disputes, and otherwise failed to comport with FCRA § 1681s-2(b).

31.  As a result of Experian's actions, Plaintiff has been damaged.

32.  Pursuant to FCRA § 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the

consumer as a result of the failure and (2) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681o, the costs of the action together with reasonable attorneys' fees.

33.  As a result of Experian's negligent failure to comply with the FCRA, it is liable to Plaintiff in an amount equal to the sum of (1) any actual damages sustained by Plaintiff as a result of said failure and (2) the costs of this action together with reasonable attorneys' fees.

34.  Pursuant to 15 U.S.C. § 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure or damages or not less than $100.00 and not more than $1,000.00; (2) such amount of punitive damages as the court may allow; and (3) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681n, the costs of the action together with reasonable attorneys' fees.

35.  As a result of Experian's willful failure to comply with the FCRA, it is liable to Plaintiff in an amount equal to the sum of (1) any actual damages sustained by Plaintiff as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 for each such violation; (2) such amount of punitive damages as the court may allow; and (3) the costs of this action together with reasonable attorneys' fees.

36.  T.U. failed to conduct a reasonable investigation of Plaintiff's disputes, and otherwise failed to comport with FCRA § 1681i.

37.  T.U. failed to adopt and follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer credit and other personal information, as required by the FCRA, which it compiled, used and manipulated, in order to prepare consumer credit reports, credit scores, risk factors/denial codes and other economic and

prediction data evaluation.

38.  T.U. has continually added, stored, maintained and disseminated personal and credit information, in consumer reports it prepared and issued, about Plaintiff which was inaccurate, false, erroneous and misleading despite notice from Plaintiff and subscribers that such information was inaccurate.

39.  T.U. has willfully, or alternatively, negligently, violated FCRA § 1681e(b), on multiple occasions.

40.  As a result of T.U.'s actions, Plaintiff has been damaged.

41.  Pursuant to FCRA § 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure and (2) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681o, the costs of the action together with reasonable attorneys' fees.

42.  As a result of T.U.'s negligent failure to comply with the FCRA, it is liable to Plaintiff in an amount equal to the sum of (1) any actual damages sustained by Plaintiff as a result of said failure and (2) the costs of this action together with reasonable attorneys' fees.

43.  Pursuant to 15 U.S.C. § 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure or damages or not less than $100.00 and not more than $1,000.00; (2) such amount of punitive damages as the court may allow; and (3) in the case of any successful action to enforce any liability under 15 U.S.C. §1681n, the costs of the action together with reasonable attorneys' fees.

44. As a result of T.U.'s willful failure to comply with the FCRA, it is liable to Plaintiff in an amount equal to the sum of (1) any actual damages sustained by Plaintiff as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 for each such violation; (2) such amount of punitive damages as the court may allow; and (3) the costs of this action together with reasonable attorneys' fees.

45. Equifax failed to conduct a reasonable investigation of Plaintiff's disputes, and otherwise failed to comport with FCRA § 1681i.

46. Equifax failed to adopt and follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer credit and other personal information, as required by the FCRA, which it compiled, used and manipulated, in order to prepare consumer credit reports, credit scores, risk factors/denial codes and other economic and prediction data evaluation.

47. Equifax has continually added, stored, maintained and disseminated personal and credit information, in consumer reports it prepared and issued, about Plaintiff which was inaccurate, false, erroneous and misleading despite notice from Plaintiff and subscribers that such information was inaccurate.

48. Equifax has willfully, or alternatively, negligently, violated FCRA § 1681e(b), on multiple occasions.

49. As a result of Equifax's actions, Plaintiff has been damaged.

50. Pursuant to FCRA § 1681$o$, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure and (2) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681$o$, the costs of the action together with reasonable

attorneys' fees.

51.  As a result of Equifax's negligent failure to comply with the FCRA, it is liable to Plaintiff in an amount equal to the sum of (1) any actual damages sustained by Plaintiff as a result of said failure and (2) the costs of this action together with reasonable attorneys' fees.

52.  Pursuant to 15 U.S.C. § 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure or damages or not less than $100.00 and not more than $1,000.00; (2) such amount of punitive damages as the court may allow; and (3) in the case of any successful action to enforce any liability under 15 U.S.C. §1681n, the costs of the action together with reasonable attorneys' fees.

53.  As a result of Equifax's willful failure to comply with the FCRA, it is liable to Plaintiff in an amount equal to the sum of (1) any actual damages sustained by Plaintiff as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 for each such violation; (2) such amount of punitive damages as the court may allow; and (3) the costs of this action together with reasonable attorneys' fees.

**Demand for Jury Trial**

Plaintiff hereby demands a jury trial on all issues so triable.

**Prayer for Relief**

WHEREFORE, Plaintiff requests that judgment be entered against each Defendant for:

a) Actual damages in an amount to be shown at trial;

b) Statutory damages pursuant to FCRA § 1681n;

c) Punitive damages pursuant to FCRA § 1681n;

1   d) Costs and reasonable attorney's fees; and

2   e) Such other relief as may be just and proper.

3   DATED ___April 17, 2006___.

4

5                                    **MICHAEL C. SHAW, P.L.L.C.**

6

7                                    S/Michael C. Shaw
                                     Michael C. Shaw, # 014044
                                     401 West Baseline Road
8                                    Suite 210
                                     Tempe, Arizona 85283
9                                    Telephone:  (480) 921-7545
                                     Fax: (480) 897-2585
10                                   E-mail: mcareyshaw@yahoo.com

11                                   Attorney for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26